UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILIP ANTHONY | CIVIL ACTION |
| VERSUS | NO. 24-1352 |
| TIM HOOPER, WARDEN | SECTION "P" (2) |

## ORDER AND REASONS

Petitioner Philip Anthony filed an Unopposed Motion for the Appointment of Counsel (ECF No. 2) seeking the appointment under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, of his current state court counsel, D. Aaron Novod, to serve the interests of justice due to the alleged complex nature of the claims asserted in Anthony's 28 U.S.C. § 2254 petition. Anthony also requests that Ms. Kappel's appointment be made retroactive to May 7, 2024, when counsel began drafting the motion for appointment and initially reviewed the matter for purposes of federal habeas corpus proceedings. *Id*. at 7-8.

Anthony has no right to appointment of counsel in this non-capital federal habeas proceeding.[1] However, the Court *may* appoint counsel for a financially eligible person in a non-capital § 2254 case if the interests of justice so require.[2] Appointment and funding of counsel under the CJA turns on whether the petitioner is financially qualified for CJA appointment of

---

[1] *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (no constitutional right to counsel in habeas corpus proceedings); *Santana v. Chandler*, 961 F.2d 514, 516 (5th Cir. 1992); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992); *Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004).
[2] 18 U.S.C. § 3006A(a)(2); *Self v. Blackburn*, 751 F.2d 789, 793 (5th Cir. 1985) ("This court appoints counsel to represent a person seeking habeas corpus relief when the interests of justice so require and such person is financially unable to obtain representation."); *Hulsey v. Thaler*, 421 F. App'x 386, 388 n.5 (5th Cir. 2011) (assuming without deciding that § 3006A "in fact applies wholesale to non-capital habeas cases such as this.").

counsel and whether counsel is eligible for appointment under the CJA.[3]  The court's CJA Plan generally requires appointment of attorneys who serve on the court's CJA Panel, who are members in good standing of the federal bar of this Court and the State Bar of Louisiana and have demonstrated experience in and knowledge of the federal criminal rules.[4]  CJA appointments may also "may be made retroactive to include any representation furnished pursuant to the plan prior to appointment."[5]

Anthony's CJA23 Financial Affidavit reflects that he is indigent and without funds to afford counsel.  ECF No. 2-2, at 2.  The affidavit specifically indicates that Anthony is not employed and has no cash in any savings or checking account.  *Id*.  The affidavit conflicts with information provided in Anthony's AO240 pauper application and its attachments, however, which indicate that Anthony is employed for compensation at the Louisiana State Penitentiary and has $5.20 in his prison drawing account and $178.78 in his prison savings account.  ECF No. 4-1, at 2 (Question 1); *id*., at 4 (Statement of Account).  Nevertheless, these minimal sums do not alter the fact that Anthony appears to be indigent for purposes of appointment of counsel.

Anthony has not provided an affidavit or other documentation establishing counsel's (Mr. Novod's) qualifications for appointment of counsel under the court's CJA Plan.  Instead, Anthony provides an irrelevant affidavit from a third party, attorney-author M. Christopher Fabricant, explaining that Fabricant's credentials in combatting the use of junk science in criminal cases and his assessment of the alleged factual bases for some of the evidentiary claims asserted in Anthony's habeas petition.  ECF No. 2-1, at 2-3.  The motion itself, electronically signed by counsel, Mr. Novod, for purposes of FED. R. CIV. PROC. 11, indicates that Mr. Novod is licensed in Louisiana

---

[3] 18 U.S.C. § 3006A.
[4] 18 U.S.C. § 3006A(b); CJA Plan, Appendix to the CJA Plan, § I(B)(1) (General Qualifications).
[5] 18 U.S.C. § 3006A(b).

and a member of the bars of the Louisiana federal district courts and the United States Fifth Circuit Court of Appeals. ECF No. 2, ¶III, at 7. The motion also asserts that Mr. Novod is a member of this court's CJA Panel and has extensive experience with § 2254 proceedings in the federal courts in this Circuit. *Id*. The court, therefore, finds that Mr. Novod meets the minimum requirements necessary for appointment under the court's CJA Plan.

Considering Anthony's indigency and counsel's qualifications, the court finds that the interests of justice would be served through continuity of representation and the appointment of Mr. Novod as counsel for petitioner in this case. Accordingly,

**IT IS ORDERED** that Anthony's Unopposed Motion for the Appointment of Counsel (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that attorney D. Aaron Novod, La. Bar No. 31275, hereby is appointed to represent petitioner Philip Anthony in this non-capital 28 U.S.C. § 2254 proceeding pursuant to 18 U.S.C. § 3006A and the court's CJA Plan. Mr. Novod's appointment as counsel for petitioner in this case is deemed retroactive to May 7, 2024.

New Orleans, Louisiana, this  28th  day of May, 2024.

_____
**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**