UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILIP ANTHONY | CIVIL ACTION |
| VERSUS | NO. 24-1352 |
| TIM HOOPER, WARDEN | SECTION "P" (2) |

### ORDER AND REASONS

Petitioner Philip Anthony through counsel filed an Unopposed Motion for Leave to File Amended Petition for Writ of Habeas Corpus seeking leave to amend his 28 U.S.C. § 2254 petition on or before November 18, 2024, to allow counsel time to sift through the extensive state court records in search of other potential claims to raise in this federal proceeding.  ECF No. 3.  He argues this proceeding was filed as a measure to protect Anthony's federal filing limitations deadline.  *Id*. at 1, 3.  Anthony asserts that the motion is unopposed by the State without waiver of any affirmative defenses.  *Id*. at 1.

## I.     BACKGROUND

Anthony was convicted in 1997, and his capital conviction was initially affirmed by the Louisiana Supreme Court on April 11, 2000, at which time the state's high court considered a number of the claims presently before this federal court.[1]  Anthony has asserted nineteen claims in his federal habeas petition,[2] all of which are alleged to have been reviewed by the state courts decades ago, on direct appeal, and/or more recently on post-conviction review following his

---

[1] *State v. Anthony*, 776 So. 2d 376 (La. 2000).

[2] While the petition was signed by Anthony alone, it was electronically filed attorney D. Aaron Novod, pre-appointment.  Counsel also paid the filing fee for Anthony on May 24, 2024.  Contrary to counsel's assertions, this is not a *pro se* petition and his failure to acknowledge his role in drafting and filing the petition on Anthony's behalf is unfortunate.

resentencing to life in prison.   *See*, *e.g.*, ECF No. 1, ¶II(10)-(12) (listing grounds raised on direct appeal and post-conviction review).

In Anthony's federal petition and contemporaneous motion for appointment of counsel, he recognizes that all of the claims raised here were either resolved on the merits or found procedurally defaulted and barred from review.  *Id.*; *see also* ECF No. 2, at 6.   When denying Anthony's latest state court post-conviction supervisory writ application on March 5, 2024, the Louisiana Supreme Court decreed:

> Applicant has now fully litigated his application for post-conviction relief in state court.   Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8.   Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory.   Applicant's claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final.   Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, applicant has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.[3]

Anthony has now filed this Motion for Leave to File Amended Habeas Petition.   ECF No. 3.   He does not, however, attach a proposed amended habeas petition to his motion nor does he otherwise indicate what new claims he seeks to assert in an amended petition.   Instead, he essentially asks for a six-month stay during which his counsel may sift through the extensive state court records to search for any other potential claims to raise in this proceeding, which he contends was filed as a protective measure relative to the federal filing limitation deadline.   *Id.* at 1-3.

---

[3] *State v. Anthony*, 379 So. 3d 1261 (La. 2024).

## II.   APPLICABLE LAW

### A.   Standard for Amending Habeas Petitions

Rule 11 of the Rules Governing Section 2254 Cases permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the civil rules] are not inconsistent with any statutory provisions or [the habeas] rules."[4]   In addition, 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended . . . as provided in the rules of procedure applicable to civil actions."   Therefore, the court follows FED. R. CIV. PROC. 15 when considering motions to amend a habeas petition.[5]

Rule 15(a) evinces a liberal amendment policy that provides for leave to amend pleadings to be "freely given when justice so requires."[6]   Although leave to amend is not automatic,[7] given the rules bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[8]   However, leave to amend should be denied when doing so is required for fairness to the party opposing the motion for leave to amend.[9]   The court must balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[10]

---

[4] *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (quoting FED. R. CIV. PROC. 11); *see also* FED. R. CIV. PROC. 81(a)(2) (The civil rules "are applicable to proceedings for . . . habeas corpus.").

[5] *Mayle*, 545 U.S. at 655.

[6] *See Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).

[7] *Avatar Expl., Inc. v. Chevron USA, Inc.,* 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted).

[8] *Smith v. EMC Corp*., 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)).

[9] *Zenith Radio Corp. v. Hazeltime Research, Inc.*, 401 U.S. 321 (1971).

[10] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted).

While Rule 15 favors granting leave to amend, denial of leave is justified in certain circumstances, such as when a movant unduly delays or acts with bad faith or dilatory motive.[11] The five factors considered in determining whether leave to amend is appropriate or whether there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[12]   The denial of leave to amend is reviewed for abuse of discretion,[13] but absent a "substantial reason," the court's discretion "'is not broad enough to permit denial'" of a request for leave to amend.[14]

### B.  Habeas Proceeding Stays

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court has discretion to stay a habeas petition containing unexhausted claims so that the habeas petitioner may return to state court to exhaust such claims, but only in limited circumstances:

> Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.[15]

The Supreme Court has further instructed courts to apply the stay and abeyance procedure

---

[11] *Smith*, 393 F.3d at 595 (citation omitted).

[12] *Gregory*, 634 F.2d at 203 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also U.S. ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted); *see also Strickland v. Bank of New York Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.") (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

[13] *Carroll v. Fort James*, 470 F.3d 1171, 1173–74 (5th Cir. 2006) (citation omitted).   The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend."   *Mayeaux*, 376 F.3d at 425 (quoting *Stripling*, 234 F.3d at 872).

[14] *Id*. at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).

[15] *Id*. at 277.

consistently with AEDPA's twin purposes: to "reduce delays in the execution of state and federal criminal sentences," and to encourage "petitioners to seek relief from state courts in the first instance while a 'properly filed application for State post-conviction or other collateral review' is pending."[16]   Thus, a stay and abeyance is available only in limited circumstances:   when the district court determines that there was "good cause" for the failure to exhaust and the claims are not "plainly meritless."[17]

### C. <u>Analysis</u>

The court finds substantial reason to deny the motion to amend at this time.   While the petition was only recently filed, Plaintiff's request for a six-month delay during which he or his counsel may review the state court record and they may "establish a relationship" creates an inordinate delay on the timely processing of this matter on this court's docket.   Without identifying any potential claim he may seek to add, Petitioner seeks a wholesale six-month delay to allow for a speculative expedition to prospect for new (and most likely unexhausted) claims and arguments.   Such an open-ended grant of leave would likely be prejudicial to the State, which will be asked to respond to new claims never before presented to or exhausted through review in the state courts.   Futility is also a significant concern as the request for leave fails to identify any claim at all, much less a viable claim.   Moreover, any speculative amendment faces a significant obstacle of procedural default under state law, which would bar federal review, given the Louisiana Supreme Court's decree that Anthony has expended his state court post-conviction review, absent

---

[16] *Id.* at 276 (citing 28 U.S.C. § 2244(d)(2); other citations omitted).

[17] *Id*. at 277; *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir.2008) (discussing *Rhines*).

one of the narrow exceptions provided by state law.  Further, it will result in more delay in resolving the already asserted claims in the original petition.

A "protective petition" is only allowed when the petitioner has diligently pursued exhaustion in a procedurally proper manner and seeks to suspend the federal statute of limitations that otherwise may be compromised before he can complete exhaustion of the claims asserted.[18] A six-month period to investigate and potentially amend the habeas petition also exceeds the purpose of a protective petition, which exists to allow a petitioner to complete exhaustion, not to obtain a stay to search out claims never before identified or asserted through diligent means and decades of state court review.  There is simply no precedent that contemplates the filing of a protective petition to allow a petitioner or his counsel to conduct their initial review of a state court record to search out new, previously unasserted claims from a decades-old conviction. Consequently, this court cannot find that a stay is warranted under *Rhines v. Weber*, 544 U.S. 269 (2005), in light of the failure to identify the additional claims Petitioner wishes to pursue, whether "good cause" exists for his failure to exhaust, whether the additional claims are meritorious, and whether he has been diligent.[19]

## III.   <u>CONCLUSION</u>

The court finds substantial reasons to deny Anthony's request for an open-ended six month period for counsel to search out possible claims or arguments to add to this proceeding.   Anthony has presented no proposed claims or additional arguments, nor any reason for the court to believe

---

[18] *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).
[19] *See Gomez v. Martel*, No. 09-00526, 2011 WL 2563181, at *4 (C.D. Cal. May 25, 2011) (denying requested stay to investigate potential additional claims*), R.&R. adopted*, No. 09-00526, 2011 WL 2559846 (C.D. Cal. June 25, 2011).

that there are any, for this court to review in determining the propriety of an amendment under the foregoing factors.   Absent such evidence, the court cannot determine whether an amendment would be futile and dilatory should it seek to include claims that are unexhausted and likely now procedurally barred.   Nor can the court determine that a stay is proper under *Rhines*.

Should Petitioner or his counsel discover a new claim that is exhausted, not procedurally defaulted, or otherwise appropriate for this court's review after review of the state court record, Petitioner may file a renewed motion to amend at that time, identifying the proposed new claim or argument for consideration in determining whether leave is proper under the Rule 15 factors addressed above or a stay is proper under *Rhines*.   Accordingly,

**IT IS ORDERED** that Anthony's Unopposed Motion for Leave to File Amended Petition for a Writ of Habeas Corpus (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this  30th   day of May, 2024.

**DONNA PHILLIPS CURRAULT**
**UNITED STATES MAGISTRATE JUDGE**